PIERANDO *et al. v.* O'RORKE *et al.*

PIERANDO *v.* SAME.

(*Supreme Court, Special Term, New York County.* June 4, 1888.)

</div>

JUDGMENT—AGAINST HEIRS—AMENDMENT.

> The heirs of an intestate having entered into an agreement for a division of the estate, stipulating that they should contribute each his ratable portion towards the payment of any just claims against the estate, and two judgments having been obtained by the administratrix of such estate decreeing, respectively, a partition of the lands of deceased, and the setting aside as void a conveyance by deceased, and awarding undivided interests in the lands thus conveyed, but making no provision for the payment of claims against the estate,—the court cannot, on motion of the administratrix, amend such decrees so as to make them conform to each other, and provide for unsettled claims, as the granting of such motion would provide a different security from that provided by the contract of the heirs, and also by Code N. Y. §§ 1837-1843, which makes the heirs liable for such claims to the extent of the assets received by them from the estate.

At chambers. Motion to amend judgments.

*Blandy & Hatch,* for motion. *E. H. Benn, contra.*

LAWRENCE, J. A motion is made in the above-entitled actions that the judgments therein be amended so as to conform with each other, and so as to make provision for the payment of claims proven, or to be proven, and which shall be held or decreed to be paid from the estate of Bridget O'Rorke, deceased,

together with such other relief as to the court may seem proper. The first action was brought by Margaret Pierando and Stephen Nolan, as two of the heirs at law of Bridget O'Rorke, deceased, to have a certain deed, which on the 31st day of July, 1883, had been executed by her to James O'Rorke, her son, declared null and void; that the plaintiff be adjudged each to be seized as tenants in common with the defendants of an undivided one-fourth interest in said premises; and for such other relief as might be just. Bridget O'Rorke died on the 7th of December, 1884, leaving a last will and testament, and in and by which she bequeathed all her property to James O'Rorke, her son, and Mary Power, her daughter, the plaintiffs being her children by a former marriage. The probate of the will was refused by the surrogate on a contest made by the plaintiffs in this action, on the ground of undue influence, and thereafter the plaintiff Pierando was appointed as administratrix of her mother. James O'Rorke died on the 30th of November, 1885, leaving a last will and testament, devising the real estate so conveyed to his wife for life, and the infant defendants, Rachel, James, and Ellen O'Rorke. On the 17th of March, 1887, an agreement was entered into between all the parties interested, and litigants in the above-entitled actions, by which it was stipulated and agreed that Margaret Pierando, Stephen Nolan, James O'Rorke, and Mary Power were the only heirs at law of said Bridget O'Rorke, and that the latter died intestate. Various terms of settlement, and for the disposition of the estate, were agreed upon, and provision made for the payment of taxes, assessments, insurance, repairs, commissions, and similar just and reasonable charges for a division and distribution of the said estate among the said parties as such heirs at law and next of kin. The agreement contained the following clause: "In case any claims shall hereinafter be made and established against the estate or against the administratrix, as such, the parties to whom distribution is made under this agreement shall refund or contribute towards the payment thereof, each for his or her ratable proportion thereof." It was also provided in said agreement that the said Margaret Pierando should be made administratrix of the said Bridget O'Rorke upon filing a nominal bond of $1,000, and that all orders, decrees, and legal proceedings necessary to carry out and effectuate the provisions of the said agreement should be submitted and consented to and facilitated by all the parties thereto, so as to hasten the final consummation of the intents of the agreement. Under this agreement each of these actions was brought. The second action was an action for partition and sale of the real estate belonging to the said Bridget O'Rorke, deceased. Such proceedings were had in the partition suit that the property was sold; a portion of it being bid in by the defendant, Mary Power, and the remainder by Mrs. Pierando, the plaintiff. Judgment was rendered in the first above-entitled action on the 11th day of May, 1887, in and by which it was decreed that the deed referred to in the complaint should be delivered up for cancellation; that the plaintiffs, as heirs at law of the said Bridget O'Rorke, were each entitled to one undivided one-fourth interest in the premises purporting to have been conveyed by said deed, and were entitled to the possession of the same, subject to the provisions and equities of the agreement aforesaid; that they have possession of the same, and an accounting of their respective interests in the rents and profits accruing from said real property since the 31st day of July, 1883. James O'Rorke, the grantee named in said deed, as already stated, died on the 30th day of November, 1885, leaving him surviving his widow and four children, one whom, Rebecca O'Rorke, is of full age, and alleged to be one of the creditors who may have a claim against the estate of Bridget O'Rorke. No provision is made in either of these decrees for the payment of claims against the estate of said Bridget O'Rorke. The personal property belonging to her may be inadequate to satisfy the claims, and it is alleged in the moving affidavits that they amount, with interest, to over $8,000. Mrs. Pierando, on whose behalf this motion is made, alleges that her brother

and co-plaintiff, Stephen Nolan, is about to leave the jurisdiction of this court, and that he has no property within this state, other than the money that he will receive from the referee in the decree in partition, which it is averred will be less than $4,000; that it would be at least difficult, and probably expensive, to obtain back any money after it had been divided by the executrix of the estate of James O'Rorke, deceased, and that the plaintiff and Mrs. Power owned property that would enable creditors to collect their claims, probably, but that it would more than take all the property that the plaintiff and Mrs. Power have received from such estate to pay said claims, providing such claims were successful. It is then alleged that on the 29th of March, 1887, Mr. Keily, the referee in the action brought to set aside the deed, in which an accounting was decreed, recommended that provision be made for one of said claims, for protection to the administratrix, either by a good and sufficient bond to be approved, or by the depositing of such ratable proportion, as therein provided for, as may be deemed necessary to meet the claims pending against the estate of said Bridget O'Rorke, deceased. It would appear that the date of such recommendation is erroneously stated, inasmuch as the suit in which Mr. Keily was referee was not commenced until April 6, 1886, and judgment was entered therein May 11, 1887. Nor do I find in that judgment any such provision as is referred to in Mrs. Pierando's affidavit. Mrs. Pierando states that she executed the agreement in question under the advice of counsel, and without realizing or contemplating the effect of her receiving the appointment (which she afterwards received) as administratrix of the estate, and without being sufficiently learned in the law to make provision in the agreement for protection against any claims that might be filed; and that she is now advised by her present counsel that she is liable to the creditors of the estate, as administratrix, for consenting that the funds of the estate should be divided without provision being made for the creditors.

It will be observed that the agreement referred to distinctly provides that, in case of the establishment of such claims, the parties to whom distribution is made thereunder shall refund, or contribute toward the payment thereof, each for his or her ratable proportion. The effect, therefore, of granting this motion would be to provide another and a different security for the administratrix than that to which the parties have consented. In other words, it would be to reform or change, upon motion, an agreement between the parties. I very much doubt my power to give such relief upon a motion. The parties do not seem to have practiced any deceit upon Mrs. Pierando in obtaining the agreement, and, if there was any mistake, it must be shown that that mistake was mutual before relief could be afforded even in an action. In addition to the provision in the agreement for the protection of the administratrix, there are the provisions of the Code which render the heirs and next of kin liable to the creditors of the decedent for any debt due from him to the extent of the assets paid or distributed to them, and to the extent of the estate or interest in the real property which descended to them from the decedent. See Code, §§ 1837–1843. It would appear, therefore, that in and by the agreement the heirs and next of kin of Bridget O'Rorke agreed to do precisely what the law binds them to do if the estate is insufficient to satisfy the debts of the decedent. In the absence, then, of any fraud or mutual mistake, I do not see how the plaintiff, at this time, could maintain an action to compel the defendants and her co-plaintiff, Stephen Nolan, to give security for the proportion of the estate of Bridget O'Rorke received by them. And, upon a motion, it would seem clear that the court cannot afford such relief. If there are any equities in favor of any alleged creditors, they might be disposed of in a proper action brought for that purpose, but I do not feel warranted in holding that either of the decrees should be amended as moved for herein. The motion will be denied, without costs, and the order to be entered hereon will be settled on two days' notice.